IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARREN J. H.,[1]               )
                                         )
          Plaintiff,         )
                                         )
vs.                             )   Civil No. 19-cv-238-DGW[2]
                                       )
COMMISSIONER OF SOCIAL     )
SECURITY,                   )
                                       )
          Defendant.      )

## MEMORANDUM and ORDER

**WILKERSON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

### Procedural History

Plaintiff applied for DIB in February 2015, alleging a disability onset date of August 2, 2014. After holding an evidentiary hearing, an ALJ denied the application on January 31, 2018. (Tr. 25-37). The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final agency decision. (Tr. 1). Plaintiff exhausted his administrative remedies and filed a timely

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Docs. 10, 11.

1

complaint with this Court.

## Issues Raised by Plaintiff

Plaintiff raises the following issues:

1. The ALJ failed to properly evaluate residual functional capacity (RFC) in that he did not say what weight he gave to Dr. Parker's opinion.

2. Dr. Parker should have been regarded as a treating physician and his opinion should have been afforded significant if not controlling weight.

## Applicable Legal Standards

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes.   Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. § 423(d)(1)(a).

To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work?   20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the

plaintiff is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The plaintiff bears the burden of proof at steps 1–4. Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However,

while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner.  See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

## The Decision of the ALJ

The ALJ followed the five-step analytical framework described above.  He determined that plaintiff had not worked at the level of substantial gainful activity since the alleged onset date.  He was insured for DIB through December 31, 2020. The ALJ found that plaintiff had severe impairments of degenerative disc disease with radiculopathy, degenerative joint disease of the neck, depression, and anxiety.

The ALJ found that plaintiff had the residual functional capacity (RFC) to do work at the sedentary exertional level, with physical limitations of (1) only occasional climbing of  ramps and stairs; (2) occasional  stooping, crouching, kneeling, and crawling; (3) no climbing of ladders, ropes, or scaffolds; and (4) no exposure to excessive vibration, hazardous machinery, or unprotected heights.   He also had mental limitations which are not in issue.

Based on the testimony of a vocational expert, the ALJ found that plaintiff was not able to do his past relevant work.   However, he was not disabled because he was able to do other jobs that exist in significant numbers in the national economy.

## The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in

formulating this Memorandum and Order. The following summary of the record is directed to the points raised by plaintiff.

### 1. Agency Forms

Plaintiff was born in 1971 and was almost 47 years old on the date of the ALJ's decision. (Tr. 179). He said he was disabled because of a back injury. (Tr. 182). He worked for US Steel from 1999 to 2014. (Tr. 198).

### 2. Evidentiary Hearing

Plaintiff was represented by an attorney at the hearing in December 2017. (Tr. 45).

Plaintiff hurt his back moving wood in early 2012. He had surgery. He said he still had back pain and lumbar radiculopathy. (Tr. 47-48).

A vocational expert (VE) testified that a person with plaintiff's RFC could not do plaintiff's past work, but he could do other unskilled jobs at the sedentary level. In response to questions from plaintiff's counsel, she testified that a person who also needed to change positions at twenty-minute intervals would not be able to do the jobs she had identified. (Tr. 58-59).

### 3. Relevant Medical Records

Plaintiff was evaluated by Dr. J. Parker at Veeder Health Center – US Steel regarding his fitness to return to work. Dr. Parker reviewed some of his medical records in August 2014. Plaintiff had a microdiscectomy procedure in 2012 to treat a herniated disc. A lumber MRI done in May 2013 showed a possible disc

fragment in the spinal canal. He had been assessed with chronic low back pain with L5 radiculopathy resulting in muscle weakness in the right leg. Dr. Parker concluded that plaintiff could return to work with restrictions of no lifting over 25 pounds, occasional standing and walking up to 20 minutes per hour, and no climbing of heights over 5 feet tall. (Tr. 391). Plaintiff met with Dr. Parker in September 2014 and agreed with these restrictions. Dr. Parker noted that plaintiff said his "back became symptomatic after 30 minutes of standing." (Tr. 389).

Dr. Parker reviewed additional medical records in December 2015 from a pain management specialist. Plaintiff had been diagnosed with lumbar radiculopathy, post laminectomy syndrome, and opioid dependence. The pain specialist prescribed Hydrocodone. Dr. Parker stated that plaintiff was at maximum medical improvement. He again recommended restrictions of no lifting over 25 pounds, standing and walking only up to 20 minutes per hour, no climbing, and no repetitive bending or twisting. (Tr. 388).

## Analysis

Both of plaintiff's points argue that the ALJ should have given more weight to Dr. Parker's opinion.

Defendant tacitly admits that the ALJ failed to specify how much weight he gave to Dr. Parker's opinion but argues that any omission was harmless because the ALJ's RFC assessment was more restrictive that Dr. Parker's limitations.

The doctrine of harmless error applies in judicial review of administrative decisions. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). An ALJ's error is

harmless where, having looked at the evidence in the record, the court "can predict with great confidence what the result on remand will be." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). In *McKinzey*, the ALJ erred in not discussing the opinion of a state agency physician. However, the Seventh Circuit held that the error was harmless because "no reasonable ALJ would reach a contrary decision on remand" based on that opinion. *Ibid.*

Here, defendant is correct that the ALJ's RFC evaluation was more restrictive than Dr. Parker's limitations. The ALJ restricted plaintiff to sedentary work. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

Plaintiff argues that the ALJ failed to assess "Dr. Parker's opinion that Plaintiff must change positions at will every twenty (20) minutes." Doc. 17, p. 6. This argument fails because Dr. Parker expressed no such opinion. Dr. Parker restricted plaintiff to standing and walking no more than 20 minutes per hour. (Tr. 388-391). He said nothing about changing positions at will every 20 minutes.

A limitation to sedentary work accommodates the standing and walking limitation recommended by Dr. Parker. "Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking

should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5.

Because the ALJ's RFC evaluation was more restrictive than Dr. Parker's limitations, any error in failing to assess Dr. Parker's opinion or to afford it controlling weight was harmless. Plaintiff offers no other criticism of the ALJ's decision. He has not demonstrated that the ALJ erred.

## Conclusion

After careful review of the record as a whole, the Court is convinced that the ALJ committed no errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying plaintiff's application for disability benefits is **AFFIRMED**.

The Clerk of Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATE: October 17, 2019.**

**DONALD G. WILKERSON**
**U.S. MAGISTRATE JUDGE**